IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD WAYNE INGLE, JR., #00769010 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv243 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Petitioner Donald Wayne Ingle, a prisoner confined at the Bill Clements Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ingle is challenging four of his six Wood County Felony offenses for sexual assault of a child. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. Procedural History**

In 1996, Ingle was convicted by guilty plea of four counts of aggravated sexual assault of a child and two counts of sexual assault of a child. Ingle received four 99-year sentences and two 20-year sentences. *Ingle v. Director, TDCJ-CID*, 6:99cv494 (E.D. Tex. 2000) (Dkt. #13 at 1). He appealed the convictions, which were affirmed. *Id*. He did not file a petition for discretionary review with the Texas Court of Criminal Appeals. *Id*. The Texas Court of Criminal Appeals denied his state petition for writ of habeas corpus on May 5, 1999. (*Id*. at 2).

On August 30, 1999, Ingle challenged these convictions in a petition for writ of habeas corpus in this Court. (*Id*. at Dkt. #2). The petition was dismissed with prejudice. (*Id*. at Dkt. #16).

On appeal, Ingle's request for a certificate of appealability was denied. *Ingle v. Johnson*, Cause No. 00-40417 (5th Cir. Oct. 25, 2000).

On January 3, 2008, Ingle challenged these convictions again in a petition for writ of habeas corpus in this Court. *Ingle v. Director, TDCJ-CID*, 6:08cv010 (E.D. Tex. 2008). In that habeas petition, Ingle asserted that he was unaware that the State had offered him a plea bargain for 50-years of imprisonment for a guilty plea and contended that his trial counsel was ineffective for failing to inform him of the plea bargain offer, among other things. The Court transferred his petition to the Fifth Circuit Court of Appeals. (*Id*. at Dkt. #27). The Fifth Circuit denied Ingle's motion for leave to file a second or successive application for federal habeas corpus relief. *In re Donald Ingle, Jr*., Cause No. 08-40772 (5th Cir. 2008); (*Id*. at Dkt. #33).

Here in his 2022 petition before the Court, Ingle asserts that his trial counsel provided ineffective assistance of counsel because counsel did not disclose the 50-year plea bargain offer to hm. (Dkt. #1, p. 5). He also asserts that his appellate counsel was ineffective for failing to raise that trial counsel provided ineffective assistance of counsel. (Dkt. #1, p. 7).

## II. Legal Standards

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

## III. Discussion and Analysis

Ingle's current federal habeas petition is successive. The AEDPA makes it significantly harder for state inmates to file "second or successive" habeas corpus petitions. 28 U.S.C. § 2254(b). Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* (citation omitted). This Court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has granted the petitioner permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838.

Here, Ingle previously filed a 1999 federal habeas petition challenging his six sexual assault of a child convictions. That petition was dismissed, with prejudice, on the merits. Ingle filed his first successive habeas petition in 2008, which was transferred to the Fifth Circuit, and denied as successive. There is no evidence that Ingle sought permission from the Fifth Circuit Court of Appeals before filing this current federal petition. In fact, online records at the Fifth Circuit neither show that he asked for permission, nor that permission was given—as a search for Ingle's filings at the Fifth Circuit returns no current results after his 2008 denial in Cause No. 08-40772.

Accordingly, Ingle must first obtain permission from the Fifth Circuit to file this second or successive section 2254 petition challenging these convictions. *See* 28 U.S.C. § 2244. The present habeas petition—once again challenging Ingle's 1996 convictions for aggravated sexual assault of a child—should be dismissed for lack of jurisdiction because Ingle does not have permission to file it. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).

**IV. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 at 140-41).

Here, Ingle failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner Ingle's federal habeas corpus petition be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. 28 U.S.C. § 2244(b)(3). Ingle may not refile this petition without first obtaining such leave, and the dismissal of this petition shall have no effect upon his right to seek permission from the Fifth Circuit to file a second or successive petition. It is further recommended that Ingle be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 15th day of August, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE